# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA

NEW YORK, NEW YORK 10004

**MEMO ENDORSED**

ANNE C. PATIN
PARTNER
(212) 574-1516
patin@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

DC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/17

October 30, 2017

*I have reviewed the settlement agreement and its terms. Ordinarily, the release would be overbroad. However, plaintiff alleged claims that were not in the nature of wage and hour claims. In this unusual context, the release was appropriate. The financial terms and other terms are fair, reasonable and adequate. The attorney fees and expenses are reasonable and are approved.*

Via Fax: (212) 805-7949

Honorable P. Kevin Castel
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, New York 10007

Re:   Gagnon v. Douglas Elliman LLC, et al., 17 Civ. 3428 (PKC)

Dear Judge Castel:

We represent defendants Jared Seligman and J. Seligman, Inc. (the "Seligman Defendants"), and write jointly with counsel for Plaintiff, Amy Gagnon ("Plaintiff" or "Ms. Gagnon") in the above-referenced matter. As we notified the Court on July 26, 2017, the parties have reached a settlement in principle. The parties have documented the terms of the settlement in the attached settlement agreement, attached as Exhibit A, which requires the Court's approval of the settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA") for alleged retaliation and alleged failure to pay overtime and the minimum wage. Accordingly, we write to seek the Court's approval of the settlement of Plaintiff's FLSA claims. To that end, the parties have waived the confidentiality restriction in paragraph 12 of the settlement agreement. The parties' next conference with the Court is scheduled for November 17, 2017 at 10:15 a.m.

*The action is dismissed. All notions terminated.*

By way of background, Plaintiff worked for the Seligman Defendants from May 31, 2016 through December 9, 2016 and was paid an annual salary of $96,000 (which converts to $46.15 per hour based on a forty (40) hour workweek). In her complaint, Plaintiff has not alleged how many overtime hours she worked or that the Seligman Defendants failed to pay her regular salary of $96,000 during her approximate twenty-seven (27) weeks of employment.

The parties have agreed to settle Plaintiff's claims for $136,000 and have agreed to pay Plaintiff $83,187.45 of such settlement allocating $80,000 to Plaintiff's wage claims under the FLSA and the New York Labor Law ("NYLL") and $3,187.45 to Plaintiff's non-wage related claims under the FLSA, NYLL, New York State Human Rights Law, and New York City Human Rights Law, as set forth in the attached redacted settlement agreement. Based on a forty (40) hour workweek, the $80,000 settlement compensates Plaintiff as if she worked 42.78 hours

*The Clerk shall close the case.*

*SO ORDERED*

*[signature] USDJ*

*10.30.17*

Honorable P. Kevin Castel
October 30, 2017
Page 2

of overtime each week during her estimated twenty-seven (27) weeks of employment with the Seligman Defendants.[1]

Finally, the attorneys' fees and costs to be paid in this case – $52,812.55 -- are reasonable. They represent forty percent of Plaintiff's total recovery (i.e., $51,625.68) as attorneys' fees, and $1,186.87 as Plaintiff's counsel's out-of-pocket litigation expenses. When an FLSA settlement includes an allotment of attorneys' fees, the court must evaluate the reasonableness of that allotment. Here, Ms. Gagnon agreed to Plaintiff's counsel's receipt of 38% of any recovery that she received in this case. See Ex. B. Moreover, she has no objection to the payment of the attorneys' fees directly to Plaintiff's counsel from the gross settlement amount, a factor held by courts as supporting approval of an attorneys' fees award. See, e.g., Davis v. J.P. Morgan Chase & Co., 827 F. Supp. 2d 172, 183 (W.D.N.Y. 2011) (absence of objections to an agreed-upon attorneys' fee award is "a factor that weighs in favor of approval of the award"); In re AT & T Corp., 455 F.3d 160, 169 (3d Cir. 2006) (noting "absence of substantial objections to the requested attorneys' fees" as a factor supporting approval of fee award).

Moreover, the circumstances of this litigation, and the substantial difficulties that Ms. Gagnon faced in seeking to prove her claims, further support the fee award requested. First, Defendants have already indicated that they were going to contend that Ms. Gagnon was an exempt employee who was not entitled to any overtime at all. While Plaintiff believes strongly that she was not exempt under the law and was, in fact, entitled to overtime compensation for any hours that she worked over forty (40), there is always some risk that Ms. Gagnon would have been found exempt and therefore have been entitled to no additional compensation.

Second, Plaintiff's counsel undertook a substantial risk in pursuing this action given the real concerns that it had with respect to being able to collect against these particular defendants as the Seligman Defendants are not large employers with dozens of employees. Rather, Ms. Gagnon was one of a few employees employed by the Seligman Defendants. Additionally, were this case to proceed to litigation, and especially to trial, the publicity that the Seligman Defendants would have encountered could have substantially impaired the viability of its operations, making collection, even after a successful verdict, a potentially significant issue.

Third, Ms. Gagnon was never provided with time records during her employment with the Seligman Defendants and did not track her hours and therefore had no explicit, incontrovertible proof concerning the number of hours that she worked in a given week. Instead, should this case have continued through litigation, Ms. Gagnon would have been forced to attempt to prove the amount of overtime she worked during her employment through her own testimony and through various text messages and other documentary evidence. The nature of such proof is intrinsically inexact and subject to interpretation. In contrast, the Seligman

---

[1]   The parties calculated the overtime value of the $80,000 settlement of Plaintiff's FLSA and NYLL wage claims as follows: $96,000 annual salary/52 weeks = $1,846.15 per week; $1,846.15/40 hours = $46.15 per hour; $46.15 x 1.5 = Plaintiff's overtime rate of $69.23 per hour; $80,000/$69.23 = 1,155.23 hours of overtime; 1,155.23 hours/27 weeks (the approximate number of weeks Plaintiff was employed) = 42.78 hours of overtime per week.

Honorable P. Kevin Castel
October 30, 2017
Page 3

Defendants would have undoubtedly proffered evidence, including the testimony of Mr. Seligman and potentially other employees of the Seligman Defendants, in an attempt to defend against Ms. Gagnon's entitlement to overtime compensation. Should this case have proceeded to trial, there are legitimate questions concerning how many hours of overtime a fact finder would have determined that Plaintiff had worked during her employment and how much additional compensation to which she would have been entitled, if any. Plaintiff's counsel prosecuted this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of tremendous risk. Despite these risks, Plaintiff's counsel was nevertheless able to negotiate a settlement that compensated Ms. Gagnon as if she had worked **over 40 hours of overtime** for every week of her employment, an unquestionably outstanding result, and likely a greater amount than Ms. Gagnon could have reasonably expected to receive for her claims should this case have proceeded to trial.

Should the Court wish to conduct a lodestar cross-check to ascertain the reasonableness of the fees requested, to date, Plaintiff's counsel have billed over 100 hours on this matter at rates routinely approved by courts within this district. See, e.g., Ex. C (Kule-Rubin, et al. v. Bahari Group Limited, et al., No. 11 Civ. 2424 (TPG), Dkt. Nos. 23, 43 (S.D.N.Y. Nov. 15, 2012)) (approving contingency fee based on full hourly rates); Ex. D (Byrne, et al. v. RMJM, Inc., et al., No. 12 Civ. 8203 (AT), Dkt. No. 58 (S.D.N.Y. Oct. 21, 2013)) (in approving payment of attorneys' fees and expenses, the court acknowledged counsel's regular hourly rates of $750 for partner time, $500 for senior associate time, and $300 for other associate time); Ex. E (Adler, et al. v. 20/20 Companies, et al., No. 09 Civ. 439 (LDW)(ARL), Dkt. Nos. 62, 65 (E.D.N.Y. Sept. 7, 2012)) (approving fee application at level above lodestar rate given Class Counsel's hourly billing rates of $750 for partner time, $300-600 for associate time, and $180 for paralegal time); Asare v. Change Grp. of New York, Inc., No. 12 Civ. 3371, 2013 WL 6144764 (S.D.N.Y. Nov. 18, 2013) (approving payment of attorneys' fees and expenses, acknowledging counsel's regular hourly rates of $750 for partner time, $500 for senior associate time and $300 for associate time); Ex. F (Munir v. Sunny's Limousine Service, Inc., et al., No. 13 Civ. 1581 (VSB), Dkt. No. 155 (S.D.N.Y. Jan. 8, 2015)) (approving fee application at level above lodestar rate given Class Counsel's hourly billing rates of $650 for partner time, $275-475 for associate time and $180 for paralegal time); Raniere v. Citigroup, Inc., 310 F.R.D. 211 (S.D.N.Y. 2015) (approving fee application at level above lodestar rate given Class Counsel's hourly billing rates of $650-900 for partner time, $350-600 for associate time and $180 for paralegal time); Ex. G (Burgos v. Lex 70 LLC, et al., No. 14 Civ. 9784 (JMF), Dkt. No. 61 (S.D.N.Y. May 29, 2015)) (approving David E. Gottlieb at an hourly billing rate of $600).

The fees requested here are **less** than the lodestar in this case, and are also well below what courts routinely approve as reasonable, as courts approve fee applications involving cross-checks with multipliers of two (2) to six (6) times the lodestar. See Ex. H. See also, Sukhnandan v. Royal Health Care of Long Island LLC, No. 12 Civ. 4216 (RLE), 2014 WL 3778173, at *15 (S.D.N.Y. July 31, 2014) (found a multiplier of **2.98** times the lodestar "near the **lower end** of the range of multipliers that courts have allowed") (emphasis added); Johnson v. Brennan, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from **two to six** times lodestar.") (emphasis added); Davis v. J.P. Morgan Chase & Co., 827 F. Supp. 2d 172, 184–86 (W.D.N.Y. 2011) (awarding multiplier

Honorable P. Kevin Castel
October 30, 2017
Page 4

of *5.3* in wage and hour class action) (emphasis added); Sewell v. Bovis Lend Lease, Inc., No. 09 Civ. 6548 (RLE), 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("*A lodestar multiplier of three falls well within the range* granted by our Courts and equals the one-third percentage being sought.") (emphasis added); Maley v. Dale Global Techs. Corp., 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (the "*modest multiplier of 4.65* is fair and reasonable") (emphasis added). See, e.g., Lizondro-Garcia v. Kefi LLC, No. 12 Civ. 1906 (HBP), 2015 WL 4006896, at *1-*5 (S.D.N.Y. July 1, 2015) (approving 1.68 lodestar multiplier); Cuthbert v. New Soldier's Rest., Inc., No. 14 Civ. 5466 (BMC), 2015 WL 1321676, at *2 (E.D.N.Y. Mar. 24, 2015) (approving 2.5 lodestar multiplier in default judgment fee award); Asare, 2013 WL 6144764, at *19-20 (S.D.N.Y. Nov. 18, 2013) ("Typically, courts use multipliers of 2 to 6 times the lodestar."); Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (explaining that a court may adjust the fee upward or downward from the lodestar amount based on other considerations). The parties here settled on attorney's fees as an additional amount of one-third Plaintiff's damages over and above his individual recovery. This supports a "greater range of reasonableness" because the parties here "settled on the fee through negotiation." Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08 Civ. 4377 (KAM)(CLP), 2010 WL 2545439, at *5.

   Regarding Plaintiff's costs, an itemized expense report is attached hereto as Exhibit I for the Court's review.

   For all of the reasons set forth above, the parties request that the Court approve the settlement agreement as fair and reasonable.

       Respectfully yours,

       Anne C. Patin

**SO ORDERED:**

_____

P. Kevin Castel, U.S.D.J.

Dated: New York, New York

_____, 2017

Enclosures

cc: All Counsel of Record (via ECF)